# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICE LAVERN ALEXANDER and EMMA VERMUG MARTINEZ, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br>     v.<br>BIO-PACIFIC, LLC d/b/a MARINER HEALTH CARE, a Delaware limited liability company; FRUITVALE OPERATING COMPANY, LP d/b/a FRUITVALE HEALTHCARE CENTER, a Delaware limited partnership; REHABILITATION CENTER OF SANTA MONICE OPERATING COMPANY, LP d/b/a THE REHABILITATION CENTER OF SANTA MONICA, a Delaware limited partnership; and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No. 2:23-CV-00139-SPG-PD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND [ECF NO. 15]** |

Before the Court is Plaintiffs' motion to remand to the Superior Court of California for the County of Los Angeles. (ECF No. 15). Defendants oppose. (ECF No. 20). The Court has read and considered the matters raised with respect to the motion and determined that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated below, the Court **DENIES** Plaintiffs' Motion to Remand.

## I. BACKGROUND

On September 30, 2022, Plaintiffs Patrice Lavern Alexander and Emma Vermug Martinez brought a putative wage and hour class action against their employers, Defendants Bio-Pacific, LLC, Fruitvale Operating Company, LP, and Rehabilitation Center Of Santa Monica Operating Company, LP, in the Los Angeles Superior Court. Plaintiffs bring claims for: (1) failure to pay lawful wages including overtime; (2) failure to provide lawful meal periods; (3) failure to authorize and permit rest periods; (4) failure to pay employee expenses; (5) failure to timely pay wages due and payable during employment; (6) failure to timely pay wages owed at separation; (7) knowing and intentional failure to comply with itemized wage statement provisions; and (8) violation of the Unfair Competition Law.

On January 9, 2023, Defendants timely removed this action to federal court based on federal question jurisdiction. (ECF No. 1). Defendants contend that certain of Plaintiffs' claims are governed by a collective-bargaining agreement ("CBA") and are therefore preempted by section 301 of the Labor Management Relations Act ("LMRA"). (*Id.* at 7). On February 13, 2023, Plaintiffs timely filed the instant motion to remand. (ECF No. 15 ("Mot.")). Defendants opposed on March 1, 2023, (ECF No. 20 ("Opp.")), and Plaintiffs replied on March 8, 2023. (ECF No. 21 ("Reply")).

## II. LEGAL STANDARD

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal," i.e., whether federal question or diversity jurisdiction exists. 28 U.S.C. § 1446(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The party invoking the removal statute bears the burden of establishing that federal subject-

matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. DISCUSSION

Defendants argue that federal question jurisdiction exists because section 301 of the LMRA preempts certain of Plaintiffs' claims, and that the Court should exercise supplemental jurisdiction over the remaining claims. Plaintiffs argue that they have not alleged any federal causes of action and therefore removal is improper.

### A. LMRA Preemption Framework

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a). Section 301 directs "federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Kobold v. Good Samaritan Regul. Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)). "[T]his federal common law preempts . . . state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." *Id*. (citing *Lueck*, 471 U.S. at 210-11). "Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus.*, Inc., 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Id*.

The Supreme Court has stressed that "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994). "To extend § 301 preemption beyond its defined role 'would be inconsistent with congressional intent.'" *Curtis*, 913 F.3d at 1152 (citing *Lueck*, 471 U.S. at 212). "For this reason, '[s]etting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety,

prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states,' and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA." *Id.* (citing *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 919–20 (9th Cir. 2018).

The Ninth Circuit has articulated a two-part test to determine whether a state law claim is "grounded in the provisions of a CBA or requiring interpretation of a CBA" and thus preempted by § 301. *Kobold*, 832 F.3d at 1032. First, the court must ask "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1152 (citing *Kobold*, 832 F.3d at 1032). Under this step, if the asserted claim is brought "purely to vindicate a right or duty created by the CBA itself," the claim is preempted, and the analysis ends there. *Curtis*, 913 F.3d at 1152 (quotation omitted). If not, the inquiry proceeds to step two. *Id.* At step two, the court must ask "'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA. *Id.* at 1153 (citing *Kobold*, 832 F.3d at 1033). The Ninth Circuit has stressed that "interpretation" must be "construed narrowly in this context." *Id.* "At this second step of the analysis, claims are only preempted to the extent there is an active dispute over the meaning of contract terms." *Id.* (quotation omitted).

### B. Whether Plaintiffs' Overtime Claim is Preempted

Defendants argue that Plaintiffs' first cause of action for failure to pay overtime is preempted because it involves rights that exist solely as a result of the governing CBA. Plaintiffs argue that their overtime claim, brought under California Labor Code sections 510, 1194, and 1199, is not preempted because their claim arises from non-negotiable state law rights which can be enforced without resorting to the CBA.

Section 510 provides that an employee who works more than a specified number of hours "shall be compensated" at a specified rate. Cal. Lab. Code § 510(a). However, section 510(a)(2) exempts the statute's overtime pay requirements to employees who work an "alternative workweek schedule adopted pursuant to a collective bargaining agreement

pursuant to Section 514." Cal. Lab. Code § 510(a)(2). Section 514 in turn states that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. "By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA." *Curtis*, 913 F.3d at 1153–54 ("[I]f a CBA satisfies the requirements of section 514, the requirements of section 510(a) do not apply" (citation omitted)). Accordingly, if Plaintiffs' CBA "meet the requirements of section 514, [Plaintiffs'] right to overtime exists solely as a result of the CBA, and therefore is preempted under § 301. *Id.* at 1154 (internal quotation marks and citation omitted).

In support of removal, Defendants submitted the governing CBA that covers the putative class of employees that Plaintiffs seek to represent. (ECF No. 4, Ex. A). Defendants have shown that the CBA meets section 514's requirements because it establishes an alternative workweek schedule for certain employees and all nine of the CBAs provide for wages, hours of work, working conditions, paid sick days, final and binding arbitration of disputes concerning sick pay, premium wage rates for all overtime hours, and regular hourly rates of not less than 30 percent more than the state minimum wage. (Opp. at 10–11; ECF No. 4 at 21–24, 71–73). Plaintiffs do not dispute that their CBA is a qualifying CBA under section 514. Therefore, under *Curtis*, because the CBA satisfies the requirements of section 514, Plaintiffs' right to overtime pay exists solely as a result of the CBA and is therefore completely preempted.

Nevertheless, Plaintiffs argue that removal is not appropriate because Plaintiffs have not referenced any CBA in their complaint and do not seek to enforce any rights found within a CBA, and *Curtis* is inapposite because it addressed preemption in the context of a motion to dismiss rather than remand. (Mot. at 13). The Court begins with Plaintiffs' first

-5-

argument that whether the "CBA satisfies the requirements of the labor code is irrelevant for purposes of removal" because preemption is an affirmative defense and Defendants' removal contravenes the well-pleaded complaint rule as established by the Supreme Court in *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiffs are correct that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). The rule provides that removal is generally inappropriate when it is grounded only in "[a] defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.

However, the Supreme Court has recognized the "complete preemption" doctrine as a "narrow exception to the well-pleaded complaint rule." *Id*. Under this doctrine, the pre-emptive force of a statute may be "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Thus, when federal law completely preempts an area of state law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*. Section 301 of the LMRA holds such complete preemptive force. *Id*. at 394. Accordingly, "the key to determining the scope of section 301 preemption is not based on how the complaint is framed, but whether the claims can be resolved only by referring to the terms of the bargaining agreement." *Newberry v. Pac. Racing Assoc.*, 854 F.2d 1142, 1146 (9th Cir. 1988) *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction.").

Next, the fact that *Curtis* did not involve a motion to remand is a distinction without a difference. Plaintiffs are correct that "[a] few district courts sitting in the Ninth Circuit have refused to apply *Curtis* in light of" the distinction that "*Curtis* was decided on a motion to dismiss, not a motion to remand, meaning that the Ninth Circuit did not address the basis for its subject matter jurisdiction in its opinion." *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 750 (S.D. Cal. 2021) (citing *Gonzalez Quiroz v. Coffman Specialties, Inc.*, No. 20-CV-1779-CAB-AHG, 2020 WL 7258725, at *4 (S.D. Cal. Dec. 10, 2020)). For example, in *Gonzales Quiroz*, which Plaintiffs cite, the district court noted that the complaint did not mention the CBA whatsoever and that "the [complaint] did not 'artfully plead' around alleging a claim for breach of the CBA because the plaintiff was "not arguing that the [complaint] states a claim for violation of the [CBA] without actually labeling it as a breach of contract claim." *Gonzalez Quiroz*, 2020 WL 7258725, at *4 (citing *Caterpillar*, 482 U.S. at 397 ("[The plaintiff] does not seek to point out that the contract relied upon by respondents is in fact a collective agreement; rather it attempts to justify removal on the basis of facts not alleged in the complaint.")). The court also distinguished *Curtis* based on the fact that the "plaintiff [in *Curtis*] claimed that he was being deprived under the arrangement laid out in the applicable CBA of rights to which he contended [California Labor Code] Section 510 entitles him to receive." *Id*.

However, an overwhelming majority of courts have applied *Curtis* to exercise original jurisdiction over claims covered by CBAs compliant with section 514. *See Radcliff*, 519 F. Supp. 3d at 750; *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. CV 21-09959-MWF (AGR), 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022); *Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410-EMC, 2021 WL 5999082, at *10 (N.D. Cal. Dec. 20, 2021); *Vasquez v. Packaging Corp. of Am.*, No. CV 19-1935 PSG (PLAx), 2019 WL 4543106, at *4 (C.D. Cal. June 7, 2019); *Landy v. Pettigrew Crewing, Inc.*, No. 2:19-cv-07474-RGK-AFM, 2019 WL 6245525, at *3 (C.D. Cal. Nov. 22, 2019); *Jauregui v. Cytec Engineered Materials, Inc.*, No. SA CV 21-00320-DOC-(DFMx), 2021 WL 1153992, at *4 (C.D. Cal. Mar. 26, 2021); *Sachs v. Pankow Operating, Inc.*, No. 2:21-cv-

Case 2:23-cv-00139-SPG-PD   Document 23   Filed 03/20/23   Page 8 of 9   Page ID #:448

08998-AB (ADSx), 2022 WL 489696, at *5 (C.D. Cal. Feb. 16, 2022); *Armenta v. Stater Bros. Markets*, No. 5:20-CV-02364-MCS-KK, 2021 WL 1102444, at *2 (C.D. Cal. Mar. 23, 2021). Accordingly, the Court rejects Plaintiffs' argument that *Curtis* applies only in the limited context of a motion to dismiss.

Plaintiffs cite to *Andrade v. Rehrig Pac. Co.*, No. CV 20-1448 FMO (RAOx), 2020 WL 1934954 (C.D. Cal. Apr. 22, 2020), for the proposition that claims under § 510 can nevertheless be remanded back to state court. (Reply at 5). The plaintiff in *Andrade* asserted his overtime claim under California Labor Code sections 1194 and 1198—not section 510. 2020 WL 1934954, at *1. The court in that case based its decision to remand on the fact that "§ 514 does not abrogate plaintiff's rights under § 1194." *Id*. at *3. Here, in contrast, Plaintiffs base their overtime claim in part on section 510. Plaintiffs also cite to *Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1236 (S.D. Cal. 2021) as an example where a court has granted remand post-*Curtis*. (Reply at 5). In *Martinez*, the plaintiffs brought claims based on an unlawfully low overtime pay rate under Labor Code § 510. *Id.* at 1235. The court found that *Curtis* "is decisive in demonstrating that a plaintiff's right to unpaid overtime is preempted under the first step of the Ninth Circuit's preemption test if a CBA meets the requirements of § 514." *Id.* at 1236. However, the court found that defendant had not carried its burden to demonstrate that the CBA at issue met the requirements of § 514. *Id.* at 1237–38. Therefore, *Martinez* contrarily supports remand here, where Defendants have met their burden to demonstrate, and Plaintiffs do not dispute, that the operative CBA satisfies § 514.

In sum, Defendants have met their burden to show that the CBA is a qualifying CBA under Section 514. Therefore section 510's overtime provisions do not apply to Plaintiffs, and their first cause of action,[1] instead, is based on rights that arise solely from their CBA.

---

[1] Because the Court finds that Plaintiffs' first cause of action is completely preempted, it does not consider Defendants' argument that Plaintiffs' fifth cause of action for failure to timely pay wages is preempted.

*Curtis*, 913 F.3d at 1152. Plaintiffs' overtime claim is therefore preempted under step one of the of the preemption test and Defendants' removal was proper. *Id.*

### C. Supplemental Jurisdiction

Where original jurisdiction exists over a claim, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." (citation omitted)). "The decision to exercise [supplemental] jurisdiction remains discretionary with the district court." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002).

Plaintiffs' remaining claims relate to the same Defendants and share the same nucleus of operative facts related to Plaintiffs' wages, hours, and working conditions during the same period of time. Therefore, Plaintiffs' additional claims are so related to Plaintiffs' first cause of action that supplemental jurisdiction is appropriate. *See* 28 U.S.C. § 1367(a). To the extent that Plaintiffs' remaining claims fall outside the scope of preemption, the Court exercises supplemental jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

DATED:  March 20, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE